## UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Secretary of Labor, Mine Safety and Health Administration,
Petitioner,

*v.*

Crimson Oak Grove Resources, LLC, et al.
and Federal Mine Safety and Health Review Commission,
Respondents.

Secretary of Labor, Mine Safety and Health Administration,
Petitioner,

*v.*

County Line Stone Company, et al.
and Federal Mine Safety and Health Review Commission,
Respondents.

On Petition for Review of a Decision of the
Federal Mine Safety and Health Review Commission

**Reply Brief of the Secretary of Labor**

LORI CHAVEZ-DEREMER
Secretary of Labor

JONATHAN BERRY
Solicitor of Labor

THOMAS A. PAIGE
Acting Associate Solicitor

SUSANNAH M. MALTZ
U.S. Department of Labor
Office of the Solicitor
Division of Mine Safety & Health
200 Constitution Avenue NW, N4420
Washington, DC 20210
maltz.susannah.m@dol.gov
(202) 693-5393

## Table of Contents

Table of Authorities ............................................................................. ii

Glossary .............................................................................................. iii

Summary of Argument ........................................................................ 1

Argument ............................................................................................. 4

   1.   The orders at issue are collateral orders. ................................... 4

   2.   Congress gave the Commission review authority over the compromise, mitigation, and settlement of penalties, not enforcement decisions................. 13

Conclusion ........................................................................................ 20

Certificate of Compliance with Type-Volume Limit,  Typeface Requirements, and Type-Style Requirements........................................................................ a

Certificate of Service........................................................................... b

Addendum – Pertinent Statutes and Regulations .................................... c

# Table of Authorities

**Cases**

*Abney* v. *U. S.*,
431 U.S. 651 (1977) ........................................................................11

*Cuyahoga Valley Railway Co.* v. *United Transp. Union*,
474 U.S. 3 (1985) ........................................................................ 16

*Cyan, Inc.* v. *Beaver Cnty. Emps. Ret. Fund*,
583 U.S. 416 (2018) ........................................................................ 18

*Digital Equipment Corp.* v. *Desktop Direct, Inc.*,
511 U.S. 863 (1994)........................................................................ 9, 10

*Donovan* v. *OSHRC*,
713 F.2d 918 (2d Cir. 1983) ........................................................4, 5, 8, 12

*Heckler* v. *Chaney*,
470 U.S. 821 (1985) ........................................................................14, 18

*Marshall* v. *OSHRC*,
635 F.2d 544 (6th Cir. 1980) ........................................................4, 5, 8, 11, 12

*Meredith* v. *FMSHRC*,
177 F.3d 1042 (D.C. Cir. 1999) ........................................................ 5, 12, 16

*Mohawk Indus., Inc.* v. *Carpenter*,
558 U.S. 100 (2009) ........................................................................ 8

*Sec'y of Lab.* v. *Knight Hawk Coal Co. et al.*,
No. 24-1293 (D.C. Cir.)........................................................................ 9

*Sec'y of Lab.* v. *Industrial TurnAround Corp.*,
138 F.4th 1339 (D.C. Cir. 2025)........................................................ 9

*Sec'y of Lab.* v. *Twentymile Coal Co.*,
456 F.3d 151 (D.C. Cir. 2006) ........................................................3, 5, 10, 15, 16, 19

*Speed Mining, Inc.* v. *FMSHRC*,
528 F.3d 310 (4th Cir. 2008) ........................................................ 19

*Authorities on which the Secretary principally relies are marked with an asterisk.

*U.S.* v. *Carrigan*,
778 F.2d 1454 (10th Cir. 1985) ................................................................ 7

*U.S.* v. *McDonald*,
435 U.S. 850 (1978) ...................................................................................11

*U.S.* v. *Samueli*,
582 F.3d 988 (9th Cir. 2009) ..................................................................... 7

*Will* v. *Hallock*,
546 U.S. 345 (2006) ........................................................................ 7, 8, 11

**Statutes**

30 U.S.C. 814 ............................................................................................. 16

*30 U.S.C. 820(k) ............................................................................ 2, 13, 19

**Federal Mine Safety and Health Review Commission Decisions**

*Meredith et al.*,
21 FMSHRC 843 (Aug. 1999) ................................................................. 12

**Occupational Safety and Health Review Commission Decisions**

*Boise Cascade Corp.*,
14 BNA OSHC 1993, 1991 WL 25319 (Nos. 89–3087 & 89–3088, Feb. 1, 1991) . 12

**Other Authorities**

S. Rep. 95-181 (1977) ...............................................................................17

# Glossary

| | |
|---|---|
| ALJ | Administrative Law Judge |
| Commission or FMSHRC | Federal Mine Safety and Health Review Commission |
| JA | Citations to the joint appendix |
| Mine Act | Federal Mine Safety and Health Act of 1977 |
| MSHA | Mine Safety and Health Administration |
| OSH Act | Occupational Safety and Health Act of 1970 |
| OSHRC | Occupational Safety and Health Review Commission |

## Summary of Argument

The Secretary of Labor (Secretary) has the exclusive authority to enforce the Federal Mine Safety and Health Act of 1977 (Mine Act). This includes the authority to cite violations of the Mine Act and its accompanying standards, and to vacate those citations. The Secretary's authority to vacate citations is unreviewable.

The Federal Mine Safety and Health Review Commission (Commission) has no enforcement role; it adjudicates certain disputes arising under the Mine Act. The Commission veered outside of its statutorily prescribed role when it issued orders purporting to exercise review authority over the Secretary's decision to vacate citations.

These orders are non-final, but this Court has jurisdiction to review them under the collateral order doctrine. Court-appointed amicus curiae for the Commission's position disagrees. [1] Amicus compares the orders, which affirm a Commission administrative law judge (ALJ)'s denial of settlement motions, to district court orders denying plea bargains. Amicus argues that there "is no right to have a plea

_____

[1] This Court appointed amicus curiae to present argument in support of the orders issued by the Federal Mine Safety and Health Review Commission. Ord., *Sec'y of Lab.* v. *Crimson Oak Grove Res., LLC, et al.*, No. 24-1294 (D.C. Cir. Aug. 6, 2025); Ord. *Sec'y of Lab.* v. *Crimson Oak Grove Res., LLC, et al.*, No. 24-1294 (D.C. Cir. Oct. 20, 2025). For ease and brevity, this brief refers to arguments and positions taken by "amicus," with the understanding that those are presented in support of the Commission's orders.

1

bargain accepted" and thus, "the Secretary has no right to have a settlement accepted." But the Secretary does not suggest she has a right to have a settlement accepted; she has a right to exercise her discretionary, prosecutorial discretion to vacate a citation. And the Secretary has offered a much closer analogy than orders in the criminal law context denying plea bargains: Occupational Safety and Health Review Commission orders denying the Secretary's prosecutorial authority under the Occupational Safety and Health Act of 1970 (OSH Act). Those orders were immediately reviewable, and so are the orders here.

In addition to being immediately reviewable, the orders at issue are substantively incorrect. Amicus argues that the statute—which says that no *penalty* shall be compromised, mitigated, or settled without the approval of the Commission, 30 U.S.C. 820(k)—gives the Commission the power to review and approve the Secretary's decision to vacate a citation if that vacatur *appears* to the Commission to be conditional. Exactly when and under what circumstances a vacatur appears conditional is foggy, and apparently extremely limited: amicus suggests that the Secretary only vacates a citation unconditionally when she dismisses the entire proceeding (and even then, not every dismissal looks unconditional enough to escape Commission review).

This is not what the statute says, of course. The Secretary's decision to vacate a citation, which is not a penalty but an enforcement mechanism, is unreviewable, whether she makes that decision before a contest, following a contest, in a settlement motion, at trial, or elsewhere. Amicus can only advance its reading of the statute by ignoring what Congress wrote: the Commission's review authority is limited to *penalties*. Amicus suggests that "compromise, mitigate, and settle," are verbs so broad that they expand the review authority of the Commission into vacatur decisions that indirectly bear on the final penalty outcome. But nothing in the statute allows that, and this Court has warned the Commission against "substitut[ing] its views of enforcement policy for those of the Secretary, a power that . . . the Commission does not possess." *Sec'y of Lab.* v. *Twentymile Coal Co.*, 456 F.3d 151, 158 (D.C. Cir. 2006).

Amicus argues that vacating a citation in a settlement agreement (or in a manner that looks like settlement to the Commission) is part of the bargained-for exchange of a settlement, and without Commission oversight the Secretary might lapse into lax enforcement. But Congress did not appoint the Commission to oversee every choice the Secretary might make, and the Commission cannot invoke imaginary concerns to expand its review power beyond the limited authority that Congress

gave it. The Commission is entitled to review and approve the compromise, mitigation, or settlement of contested *penalties*. No more, no less.

## Argument

### 1. The orders at issue are collateral orders.

Amicus argues that the orders at issue are not collateral orders. Amicus Br. 27-37. Primarily, amicus suggests that the orders denying settlement are analogous to district court orders rejecting criminal plea bargains, which two courts of appeals (though not this one) have determined are not immediately reviewable. See Amicus Br. 27, 30-34 (citing *U.S.* v. *Samueli*, 582 F.3d 988 (9th Cir. 2009) and *U.S.* v. *Carrigan*, 778 F.2d 1454 (10th Cir. 1985)).

This analogy is inapt. The Secretary has offered a much closer analogy: orders of the Occupational Safety and Health Review Commission (OSHRC) concerning the Secretary's exercise of prosecutorial discretion to vacate a citation or settle a citation, which courts of appeals have determined are reviewable as collateral orders. Sec'y Op. Br. 28, 29; *Marshall* v. *OSHRC*, 635 F.2d 544, 549 (6th Cir. 1980) (an OSHRC order remanding a case to allow employees to pursue litigation on a citation that the Secretary had vacated was reviewable as a collateral order); *Donovan* v. *OSHRC*, 713 F.2d 918, 924 (2d Cir. 1983) (an OSHRC order remanding a matter to an OSHRC ALJ to determine whether to approve a settlement was reviewable as a collateral order).

Amicus suggests that those OSH Act cases are distinguishable because the OSH Act does not allow OSHRC review of penalty settlements. Amicus Br. 35. It is unclear why that bears on the reviewability of the orders at issue here; the orders at issue in the cases the Secretary cites were reviewable as collateral orders because they conclusively determined an issue concerning the Secretary's discretion. *Marshall*, 635 F.2d 544; *Donovan*, 713 F.2d 918. While the Mine Act differs from the OSH Act with respect to the Commission's power to review penalty settlements, the Mine Act does not allow Commission review of the Secretary's discretionary enforcement decision to vacate a contested citation, which is exactly why immediate review of these orders is so critical. See *Marshall*, 635 F.2d at 549 (collateral review was appropriate because "the Secretary and the [OSHRC] Commission are at a deadlock in their disagreement on the scope and extent of their respective responsibilities. . . .") Additionally, as this Court has recognized, the OSH Act comparison is appropriate when a case concerns the split roles of the Secretary and Commission. *Meredith* v. *FMSHRC*, 177 F.3d 1042, 1054 (D.C. Cir. 1999) (explaining that the Mine Act "[r]eplicat[es] the division of responsibilities between the Secretary of Labor and the Occupational Safety and Health Review Commission[.]"); *Twentymile Coal Co.*, 456 F.3d at 160-161 (discussing these analogous split enforcement schemes).

Amicus appears to draw the plea-deal comparison because the orders from which the Secretary now appeals are orders affirming settlement denials, and because it understands this case to concern "bargained-for exchange" of "concessions" from "each side." Amicus Br. at 33 (citing *Ricketts* v. *Adamson*, 483 U.S. 1, 9 n.5 (1987)). But these cases are not about the Secretary's authority to settle cases. They are about the Secretary's authority to vacate a citation in any post-contest context. That the question of her authority to do so arises here in the settlement context is incidental. Sec'y Op. Br. 51-55. Amicus claims there "is no right to have a plea bargain accepted" and thus, "the Secretary has no right to have a settlement accepted." Amicus Br. 33-34 (citing *U.S.* v. *Carrigan*, 778 F.2d 1454 (10th Cir. 1985)). Maybe so. But the Secretary has a right to vacate a citation post-contest. That is what this case is about.

Amicus presumes that the vacaturs at issue are conditional, and admits that "[i]f the Commission had tried to prevent" the Secretary from unconditionally dismissing citations, "that could impinge on the Secretary's prosecutorial discretion, and 'an appeal might lie.'" Amicus Br. 33-34 (citing *Carrigan* 778 F.2d at 1466). That is what occurred—the Commission prevented the Secretary from exercising her unreviewable discretion to vacate citations—and collateral review is

appropriate and necessary to rectify the Commission's intrusion on the Secretary's enforcement powers.

Beyond the plea-bargain analogy being inapt, the cases amicus cites are substantively irrelevant. *U.S.* v. *Carrigan*, 778 F.2d 1454 (10th Cir. 1985) and *U.S.* v. *Samueli*, 582 F.3d 988 (9th Cir. 2009) both involved district court rejections of plea bargains. As the Ninth Circuit explained in *Samueli*, criminal law presents a particularly difficult context for the collateral order doctrine. 582 F.3d at 991-992 (explaining that "[i]nterlocutory appeals are typically unsuitable for criminal cases" and "an interlocutory order is appealable only where it affects a 'right not to be tried.'"). *U.S.* v. *Carrigan*, 778 F.2d 1454 (10th Cir. 1985) and *U.S.* v. *Samueli*, 582 F.3d 988. Both the Ninth and Tenth Circuits determined that a plea bargain is not "collateral to, and separable from, the principal issue at the accused's impending criminal trial, *i.e.*, whether or not the accused is guilty of the offense charged." *Carrigan*, 778 F.2d at 1465; see *Samueli*, 582 F. 3d at 992 ("We agree [with *Carrigan*]. . . the decision to reject a plea is 'directly dependent on the court's assessment of the defendant's degree of culpability. . . .'") (citing *Carrigan*, 778 F.2d at 1465). In other words, an order denying a plea bargain does not satisfy the second element of the collateral order doctrine: an order must "resolve an

important issue completely separate from the merits of the action." *Will* v. *Hallock*, 546 U.S. 345, 349 (2006) (citation omitted).

As the Secretary has explained, Sec'y Op. Br. 29, whether the Commission is entitled to review the Secretary's decision to vacate a citation is separate from whether the Secretary has satisfied the standard for settlement of civil penalties. See *Donovan*, 713 F.2d at 924. Amicus does not meaningfully dispute this in its brief.

Instead, amicus focuses on its argument that the Secretary cannot satisfy the "effective unreviewability" requirement of the collateral order doctrine; an order must be "effectively unreviewable on appeal from a final judgment." *Will*, 546 U.S. at 349 (citation omitted). Amicus Br. 29, 32. "[T]he decisive consideration is whether delaying review until the entry of final judgment 'would imperil a substantial public interest' or 'some particular value of a high order.'" *Mohawk Indus., Inc.* v. *Carpenter*, 558 U.S. 100, 107 (2009) (citing *Will*, 546 U.S. at 352-353). Amicus suggests that the Secretary's concerns about prosecutorial discretion do not implicate a sufficiently substantial public interest or a value important enough for collateral review. Amicus Br. 32-33. On the contrary, the Commission's attempt to wrestle from the Secretary her policymaking and enforcement role is a matter that clearly concerns the "effective administration of the Act," *Marshall*, 635 F.2d

at 549, and "the extent to which an adjudicatory body c[an] review an enforcement agency's exercise of prosecutorial discretion," a separation-of-powers concern implicating the public interest. *Sec'y of Lab.* v. *Industrial TurnAround Corp.*, 138 F.4th 1339, 1342-1343 (D.C. Cir. 2025) ("*ITAC*") (citing *Will* v. *Hallock*, 546 U.S. 345, 352 (2006)).

Amicus likewise misunderstands the class of appeals that the Secretary argues are collateral orders appropriate for immediate review. See Amicus 36-37. The Secretary does not suggest that all denials of settlement agreements are reviewable. Instead, the Secretary argues that orders that purport to exercise review power over the Secretary's enforcement decisions are reviewable (i.e., orders that deny the Secretary's unilateral power to vacate a citation or remove an S&S designation, see *Sec'y of Lab.* v. *Knight Hawk Coal, LLC et al.*, No. 24-1293 (D.C. Cir.) (on review)).

The Supreme Court has instructed that, with respect to whether a class of orders is appealable under the collateral order doctrine, "[a]ppealability must be determined for the entire category to which a claim belongs," rather than the specific order on review. *Digital Equipment Corp.* v. *Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994) (a district court order canceling a previously granted settlement agreement in a trademark infringement case was not appealable as a collateral order). In analyzing the "right not to go to trial" at issue in *Digital Equipment*, the

Supreme Court reasoned that "it would be the rare settlement agreement that could not be construed to include (at least an implicit) freedom from trial 'aspect'. . . ." 511 U.S. 863, 866, 876-877 (1994). Thus, if the Supreme Court determined an order denying settlement was immediately appealable because denying review would endanger that so-called right, any district court order denying a motion to approve settlement would be subject to interlocutory review. *Id.* at 877.

Amicus invokes this concern when it suggests that if this Court grants collateral review of the orders at issue here, there will be a "flood" of interlocutory appeals. Amicus Br. 37. But the right the Secretary asserts is not a broad right not to proceed in litigation but is at "a higher level of generality." *Digital Equip. Corp.*, 511 U.S. at 877. There are no floodgates to open, as amicus suggests. Amicus Br. 37. These orders are not run-of-the-mill settlement denials; they implicate the Secretary's statutory, prosecutorial authority to vacate citations. That class of orders is limited, and appropriate for immediate review in order to prevent the Commission from "substitut[ing] its views of enforcement policy for those of the Secretary," a power that "the Commission does not possess." *Twentymile*, 456 F.3d at 158.

The reason that the orders on review in this case fall within the collateral order doctrine is because they are orders denying the Secretary's discretionary authority to vacate citations without Commission approval, not because they are orders

denying a settlement motion. See Sec'y Op. Br. 27-33. A typical settlement order denial would not necessarily "conclusively determine a disputed question," "resolve an important issue separate from the merits," and "be effectively unreviewable on appeal," such that forgoing review would "imperil a substantial public interest." *Will*, 546 U.S. at 349, 353 (citations omitted). Commission ALJs sometimes deny settlement motions, as is typical in litigation of any kind; the Secretary does not seek interlocutory review when those settlement denials do not infringe on her discretionary enforcement authority.

It is appropriate for this Court to determine that orders exercising review authority over the Secretary's enforcement decisions (essentially, a subset of settlement denials) are immediately reviewable. This is the degree of specificity that the Supreme Court has used in determining classes of collateral orders. See, *e.g.*, *Abney* v. *U. S.*, 431 U.S. 651, 662 (1977) (a defendant may appeal as a collateral order the denial of a pretrial motion to dismiss based on double jeopardy grounds), but see *U.S.* v. *McDonald*, 435 U.S. 850, 856-861 (1978) (a defendant may not appeal as a collateral order the denial of a pretrial motion to dismiss based on speedy trial grounds).

Additionally, when the Sixth and Second Circuits determined that similar OSHRC orders were immediately reviewable, *Marshall*, 635 F.2d 544 (an OSHRC

order remanding a case to allow employees to pursue litigation on a citation that the Secretary had vacated); *Donovan*, 713 F.2d 918 (an OSHRC order remanding a matter to an OSHRC ALJ to determine whether to approve a settlement), those courts were not thereafter overwhelmed with a new wave of interlocutory appeals. On the contrary, the OSHRC, bound by those decisions, corrected its error. See, *e.g.*, *Boise Cascade Corp.*, 14 BNA OSHC 1993, 1991 WL 25319 (Nos. 89–3087 & 89–3088, Feb. 1, 1991) (citing to *Marshall*, 635 F.2d 544, explaining "the Act does not grant employees a private right of action," and to *Donovan*, 713 F.2d 918, explaining "prosecutorial discretion in the enforcement of the Act is vested solely in the Secretary."). Should this Court determine that the orders at issue here are collateral and reviewable, and issue a merits decision, that determination will resolve the issue. Should this Court determine that the Commission overstepped its statutory authority by usurping the Secretary's policymaking and enforcement power, the Commission will presumably rectify its approach. Compare *Meredith*, 177 F.3d 1042 (determining that a Commission order applying the Mine Act's anti-discrimination provision to MSHA inspectors was a collateral order, and determining that the anti-discrimination provision did not apply to MSHA officials acting under the color of their authority) with *Meredith et al.*, 21 FMSHRC 843, 843-844 (Aug. 1999) (following the D.C. Circuit's decision in *Meredith*, 177 F.3d

1042, "the [D.C. Circuit] issued is mandate in this matter. . . . Pursuant to the

court's order, we dismiss the complaints against the MSHA employees.")

## 2. Congress gave the Commission review authority over the compromise, mitigation, and settlement of penalties, not enforcement decisions.

The statutory text is clear that the Commission has the power to approve the

compromise, mitigation, or settlement of *penalties*, not vacaturs. See 30 U.S.C.

820(k). A "penalty" means money. 30 U.S.C. 820 (referring throughout to "civil

penalties" of certain dollar amounts.)

Amicus argues that this provision gives the Commission power to review and

approve vacaturs when they occur in the settlement context, because the provision

gives the Commission authority over settlement. Amicus Br. 37-39.

Amicus presumes that the vacaturs here are not unconditional. But that

presumption rests entirely on mere conjecture. Amicus surmises the vacaturs are

conditional because they are included in settlement motions (or because they are

included in motions to dismiss that are *not* settlement motions, but "have the

appearance" of conditional settlement). [2] Amicus relies on the ALJ's explanation

---

[2] In *Crimson Oak Grove Resources, LLC* (FMSHRC No. SE 2021-0112), after an operator withdrew its contest of one citation, the Secretary filed a motion to dismiss based on her vacatur of the remaining two contested citations. JA 107-108. In *River City Stone-Div/Mathy Construction Co.*, (FMSHRC No. LAKE 2021-0145), after an operator withdrew its contest of one citation, the Secretary filed a motion to dismiss

in denying the motion to approve settlement in one of the consolidated cases that the vacaturs "had the appearance of a *quid pro quo.*" Amicus Br. 47 (citing JA 243). As the Secretary has explained, the ALJ, in his zeal to expropriate the Secretary's enforcement authority, relied solely on assumptions and a misunderstanding of the Secretary's authority. Sec'y Op. Br. 51-52 (citing *Heckler* v. *Chaney*, 470 U.S. 821, 831 (1985) (the Secretary may vacate citations for policy reasons)).

Amicus is clear that the Secretary has the authority to unconditionally vacate citations, but its discussion of which kinds of vacaturs would be unconditional is so subjective and byzantine that it is unclear how the Secretary would ever vacate a citation post-contest in a manner acceptable to the Commission. Amicus distinguishes between cases where the Secretary completely dismisses an action and cases involving "piecemeal vacaturs," Amicus Br. 54, extending suspicion to any instance where the Secretary has reason to vacate one citation but not another. Amicus implies that the Secretary could never unconditionally dismiss one citation among many; only instances where the Secretary "voluntarily dismisses an entire proceeding" are not subject to the Commission's scrutiny. Amicus Br. 54. A complete dismissal, however, is apparently not always sufficient; the Secretary's

---

based on her vacatur of the remaining contested citation. JA 186-187. Amicus, like the ALJ, considers the Secretary's motions to dismiss to have "the appearance of a settlement." JA 110, 189-191; Amicus Br. 10 n.2.

motions to dismiss in two of the cases consolidated here, see n. 2, supra, *appeared* to the Commission to be conditional and so are not acceptable, either. In short, amicus appears to propose a regime under which the Secretary's vacaturs can be understood as unconditional only where the Secretary vacates every citation in the docket, an operator has not withdrawn any contests, and the Commission does not suggest the vacatur otherwise *appears* unconditional for whatever reason. This is a unworkable limitation on the Secretary's prosecutorial authority and certainly not what Congress intended when it gave the Secretary sole responsibility to enforce the Mine Act. See *Twentymile*, 456 F.3d at 161 (quoting *Martin*, 499 U.S. at 151-152).

Amicus argues that vacaturs "mitigate" and "settle" the penalty because the vacatur of a citation results in the elimination of every part of that citation: the charge of a violation, any special findings about the violation, determinations about gravity and negligence, and the associated penalty. Amicus considers this incidental outcome "mitigation." Amicus Br. 47-48. But, as the Secretary has explained, the vacatur of a citation is not a penalty settlement. It is not an action to lower the penalty. It is an enforcement decision to vacate the entire charging instrument. Amicus reads section 110(k)'s review authority over penalty mitigations to extend to anything that might incidentally impact the penalty, even the Secretary's

enforcement decisions. But to say vacating an entire citation "mitigates" the penalty extends the Commission's review power beyond where Congress included it (in section 110, 30 U.S.C. 820, which concerns penalties) into the Secretary's power to issue (and not to issue, or to vacate) citations (in section 104, 30 U.S.C. 814, where such power is "sole[ly]" the Secretary's to exercise. *Twentymile*, 456 F.3d at 161 (quoting *Martin* v. *OSHRC*, 499 U.S. 144, 151-152 (1991))). Amicus views the Secretary's reliance on her vacatur power in section 104 to be irrelevant, suggesting that while issuing a citation may be a discretionary enforcement action, vacating one post-contest is not. Amicus Br. 50-51. But the Supreme Court has recognized that the power to withdraw a citation is a "necessary adjunct" of the Secretary's exclusive authority to issue one. *Cuyahoga Valley Railway Co.* v. *United Transp. Union*, 474 U.S. 3, 5-6 (1985). This principle is not limited to the OSH Act context but applies to the Mine Act; both statutes assign to the Secretary the sole authority to enforce the Act by issuing (or, as a "necessary adjunct," vacating) citations. See *Twentymile*, 456 F.3d at 160-161 (comparing the powers of the Secretary under the OSH Act and Mine Act); *Meredith*, 177 F.3d at 1054 (explaining that the Mine Act "[r]eplicat[es] the division of responsibilities between the Secretary of Labor and the Occupational Safety and Health Review Commission[.]")

Amicus suggests that Congress intended the Commission to review and authorize the Secretary's vacatur decisions in order to deter "lax and unaccountable enforcement." Amicus Br. 49. Accountability is important, which is why Congress included section 110(k) penalty settlement review. See S. Rep. 95-181, at 44 (1977). But Congress did not give the Commission review power over the Secretary's enforcement decisions: *e.g.*, whether to cite a violation, see Sec'y Op. Br. 4-5 (citing *Twentymile*, 456 F.3d at 157, 161) and whether to vacate a citation. Sec'y Op. Br. 42-50. The Commission cannot invoke a vague fear of an imagined unaccountable enforcement program to usurp the Secretary's discretionary enforcement authority.

Amicus suggests that the Secretary's reading of section 110(k)—namely, that it applies only to compromising, mitigating, or settling monetary penalties—collapses those "broad" verbs into one: reducing. Amicus Br. 47-48. This is not true. Section 110(k) gives the Commission authority to review penalty impacts that are not simple reductions (*e.g.*, decisions to raise one citation's penalty while lowering another, or decisions to adjust a penalty factor like the negligence designation). It is not the Secretary who alters the statute's text, but amicus, who would read section 110(k)'s review authority, which is limited by the text to *penalty* settlements (or compromises, or mitigations) to extend into the Secretary's prosecutorial decision-

making power if those prosecutorial policy and enforcement decisions have any ancillary impact on the penalty. Congress did not give the Commission that authority and the Commission cannot stretch section 110(k) beyond its textual boundaries into the Secretary's enforcement discretion. The Secretary agrees that Congress would have simply said "reduced" in section 110(k) if that is what it meant. And likewise, if Congress had meant the Commission to have review and approval authority over things other than penalties (i.e., vacaturs), it would have said that, too. Cf. *Heckler* v. *Chaney*, 470 U.S. 821, 831-833 (1985) (agency enforcement provisions are presumptively unreviewable; that presumption is overcome where Congress "indicate[s]. . . intent to circumscribe agency enforcement discretion. . . ."); *Cyan, Inc.* v. *Beaver Cnty. Emps. Ret. Fund*, 583 U.S. 416, 426 (2018) ("The statute says what it says—or perhaps better put here, does not say what it does not say.").

Amicus also suggests that the Secretary's assertion of her prosecutorial authority is overblown, because the Commission would not wade into her discretionary enforcement and policymaking authority but merely "ensure[] her accountability," Amicus Br. 17. But the Commission's asserted review and approval power would effectively grant the Commission the right to veto the Secretary's enforcement decisions. The statute does not authorize this, and it is an

impermissible intrusion into the Secretary's enforcement role. *Twentymile*, 456 F.3d at 161 (quoting *Martin* v. *OSHRC*, 499 U.S. 144, 151-152 (1991)) ("[E]nforcement of the Act is the sole responsibility of the Secretary."); *Speed Mining, Inc.* v. *FMSHRC*, 528 F.3d 310, 319 (4th Cir. 2008) (The Commission's authority "does not extend to reviewing the Secretary's policy-based enforcement decisions."). Amicus attempts to expand the Commission's review authority beyond the statutory text by suggesting the Commission is permitted to make enforcement decisions if they are somehow related to settlement of penalties. That is not what section 110(k) says. See 30 U.S.C. 820(k).

Amicus emphasizes the deferential nature of Commission review of penalty settlements, repeating the Commission's mollifying reassurance that all the Secretary need do is provide her reasoning for vacating a citation. Amicus Br. 41. Whether review is burdensome does not bear on whether the Commission has statutory authority to exercise it. It does not.

Furthermore, the Secretary does not agree that the Commission's approach would end with the Secretary's tendering a simple explanation. Implicit in the power to review the Secretary's decision-making is the power to reject it. Thus, review power would "invite[] the reviewing body to substitute its views of

enforcement policy for those of the Secretary, a power that . . . the Commission does not possess." *Twentymile*, 456 F.3d at 158.

Congress gave the Commission specific, limited authority. The Commission cannot expand its authority beyond what the statute allows, and it cannot make itself the Mine Act's enforcer and policymaker. That role belongs to the Secretary.

## Conclusion

For the foregoing reasons, the Court should grant the Secretary's petition for review, vacate the Commission's orders, and remand the matter to the Commission for further disposition consistent with this Court's decision.

Respectfully submitted,

LORI CHAVEZ-DEREMER
Secretary of Labor

JONATHAN BERRY
Solicitor of Labor

THOMAS A. PAIGE
Acting Associate Solicitor

s/ SUSANNAH M. MALTZ
U.S. Department of Labor
Office of the Solicitor
Division of Mine Safety & Health
200 Constitution Avenue NW,
Suite N4420
Washington, DC 20210
maltz.susannah.m@dol.gov

(202) 693-5393
(202) 693-9392 (fax)

## Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted under Fed. R. App. P. 32(f), it contains 4,387 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in Microsoft Word in 14-point Equity.

s/ SUSANNAH M. MALTZ
Attorney

**Certificate of Service**

I certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system on January 12, 2026. Registered users will be served via the CM/ECF system and non-registered users will be served by email.

T. Jason Riley
*Federal Mine Safety and Health Review Commission*
Ted Hunt
*Crimson Oak Grove Resources*
Adele Abrams
*River City Stone*
William K. Doran & Zachary Byers
*Holcim*
Lorna Waddell
*Greenbrier Minerals*
Patrick Dennison
*Consol Pennsylvania Coal*
Paul T. Sharlow
*County Line Stone*
Jonathan Ellis
*Ramaco Resources*
Soren Schmidt
*Court-appointed amicus*

s/ SUSANNAH M. MALTZ
Attorney

## Addendum – Pertinent Statutes and Regulations

All statutes and regulations pertinent to this case are contained in the addendum to the Secretary's opening brief.